**Joseph COONEY, Plaintiff–Appellant,**

v.

**CONSOLIDATED EDISON,**
**Defendant–Appellee.**

**Docket No. 02–9263.**

United States Court of Appeals,
Second Circuit.

May 13, 2003.

**580**

Joseph Cooney, Bayside, NY, pro se.

Mary Schuette, Consolidated Edison Co., Office of Legal Counsel, New York, NY, for Appellee.

PRESENT: FEINBERG, KATZMANN, Circuit Judges, and MURTHA,* District Judge.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of May, Two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is **AFFIRMED.**

Joseph Cooney, *pro se*, appeals from the September 25, 2002 judgment of the United States District Court for the Southern District of New York granting the summary judgment motion of Consolidated Edison ("Con Ed") and dismissing Cooney's civil rights complaint, which he brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112–12117. In his complaint, Cooney alleged that Con Ed discriminated against him by failing to provide a reasonable accommodation for his Chronic Fatigue Syndrome ("CFS") and terminated his employment in retaliation for filing two complaints with the Equal Employment Opportunity Commission. ("EEOC"). Cooney alleged that he requested a transfer from the Manhattan facility to the Queens facility because it was closer to his home and Con Ed refused to transfer him in violation of the ADA. Cooney also alleged that his work performance was good and that he was terminated solely on the basis of two EEOC complaints that he filed.

The district court, in granting Con Ed's summary judgment motion, held that Cooney failed to state a cause of action under the ADA. With respect to the discrimination claim, the district court held that Cooney did not establish that his CFS substantially limited one or more of Cooney's life activities. With respect to the retaliation claim, the district court held that Con Ed presented ample evidence that Cooney was terminated solely on the basis of his poor work performance.

On appeal, Cooney argues that he is disabled due to his CFS and that Con Ed unlawfully failed to accommodate his transfer request. Cooney also argues that his work performance was good and that

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

he was terminated because he filed two grievances with the EEOC.

This Court reviews a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. *See Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 68 (2d Cir.2000). The Court will affirm a district court's grant of summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Id.* (internal citations omitted).

To establish a *prima facie* case of discrimination under the ADA, Cooney must show that he suffers from a disability within the meaning of the ADA. *See Reeves v. Johnson Controls World Srvs., Inc.,* 140 F.3d 144, 149–50 (2d Cir.1998). The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2). The district court correctly determined that Cooney failed to set forth a *prima facie* case of discrimination under the ADA. Cooney's allegations of discrimination are conclusory and he does not address how his alleged disability prevents him from engaging in major life activities. According to the record below, Cooney requested strenuous overtime work assignments and indicated in a medical questionnaire, completed after the filing of the instant complaint, that he had no physical restrictions or limitations that affected his activities at work or home.

To establish a *prima facie* case of retaliation, Cooney must establish that a retaliatory motive played a part in the adverse employment action. *See Regional Economic Cmty. Action Program, Inc. v. City of Middletown,* 294 F.3d 35, 54 (2d Cir.2002). The district court correctly de-

termined that Cooney failed to set forth a *prima facie* case of retaliation under the ADA. It is undisputed that Cooney had received at least two suspensions for poor work performance prior to his termination and had been transferred from the Queens facility to the Manhattan facility after several co-workers in the Queens facility accused him of verbally abusing them and threatening them with physical violence.

We have considered Cooney's other arguments and find them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.